IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDDIE SAMUEL SANTANA-RIOS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 17-1107 (GAG)

# OPINION AND ORDER

Before the Court is Eddie Samuel Santana-Rios' ("Santana-Rios" or "Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (See Docket No. 1.) Petitioner argues his conviction is unconstitutional in light of Puerto Rico v. Sánchez-Valle, 136 S.Ct. 1863, 1869–1877, 195 L.Ed.2d 179 (2016).  After reviewing Petitioner's claim, the undersigned **DENIES** his petition for habeas corpus relief.

Santana-Rios entered a plea of guilty to a violation Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(ii) and Title 18, United States Code, Section 2, and was sentenced by the undersigned on October 19, 2015. See Criminal Case No. 14-532 (GAG).

Santana Rios contends he is entitled to habeas relief because prior to his federal conviction he was charged and later acquitted for the very same offense in Commonwealth Court. (Docket No. 1.)  Subsequently, he was prosecuted in federal court, pled guilty and sentenced on October 19, 2015.  As such, he argues that pursuant to Sánchez-Valle, his federal conviction violates the Double Jeopardy Clause of the United States Constitution.  Id.

**Crim. No. 17-1107 (GAG)**

Petitioner also claims ineffective assistance of counsel because his defense attorney in the federal case failed to inform him of the Puerto Rico Supreme Court <u>Sánchez-Valle</u> ruling or that the United States Supreme Court had granted certiorari thereof. He thus, posits that said information was not only relevant but critical to his assessment of his litigation decisions.

### I.   <u>Legal Analysis</u>

In <u>Sánchez Valle</u>, "the Supreme Court took pains to acknowledge the 'distinctive, indeed exceptional, status as a self-governing Commonwealth' that Puerto Rico occupies today, . . . the issue presented in that case—whether Puerto Rico and the United States are different sovereigns for purposes of the dual-sovereignty doctrine—compelled the Court to look . . . . to the distant past to ascertain 'the 'ultimate source' of Puerto Rico's prosecutorial power.'" <u>United States v. Maldonado-Burgos</u>, 844 F.3d 339, 344–45 (1st Cir. 2016) (quoting <u>Sánchez-Valle</u>, 136 S.Ct. at 1874.)

The Supreme Court held that for purposes of the Double Jeopardy Clause, the Puerto Rico and United States governments constitute a single sovereign, in as much as the former's power to prosecute derives from the latter's. Thus, the Commonwealth's prosecution, conviction, and sentence of an individual bars his subsequent prosecution by federal authorities for the same conduct under equivalent criminal law. <u>See</u> <u>United States v. Colón</u>, No. 15-396 (GAG), 2016 WL 5793727, at *1 (D.P.R. Oct. 4, 2016).

> If an entity's authority to enact and enforce criminal law ultimately comes from Congress, then it cannot follow a federal prosecution with its own. That is true of Puerto Rico, because Congress authorized and approved its Constitution, from which prosecutorial power now flows. ***So the Double Jeopardy Clause bars both Puerto Rico and the United States from prosecuting a single person for the same conduct under equivalent criminal laws.***

<u>Sánchez-Valle</u>, 136 S.Ct. at 1877 (emphasis added).

**Crim. No. 17-1107 (GAG)**

Title 28 U.S.C. § 2255 establishes a "1–year period of limitation" within which a federal prisoner may file a habeas motion to vacate, set aside, or correct his sentence under that section. See Dodd v. United States, 545 U.S. 353, 354, 125 S. Ct. 2478, 2480 (2005).

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255 (f). Petitioner requests habeas relief in light of the "new recognized right" in Sánchez Valle. The Supreme Court did not expressly declare its ruling would apply retroactively. See Tyler v. Cain, 533 U.S. 656, 668 (2001) (O'Connor, J., concurring) (noting that a rule has been made retroactive by the Supreme Court if the Court expressly declares it retroactive or issues multiple holdings that "logically dictate . . . retroactivity"). With certain narrow exceptions, federal courts are prohibited from granting habeas petitioners relief on the basis of "new" rules of constitutional law established after their convictions become final. Teague v. Lane, 489 U.S. 288, 310 (1989); Bradshaw v. Stumpf, 545 U.S. 175, 190, 125 S. Ct. 2398, 2409, 162 L. Ed. 2d 143 (2005).

Sánchez-Valle's prospective impact on the prosecution of crimes in Puerto Rico is uncontested. However, absent an express declaration, or a logical hint from the Supreme Court, this Court cannot pronounce its retroactivity. Simply put, Sánchez-Valle did not trigger the renewal of the statute of limitations period for a collateral attack of Petitioner's conviction.

**Crim. No. 17-1107 (GAG)**

Sánchez-Valle was decided by the United States Supreme Court on June 9, 2016, eight months after Petitioner's sentencing. As such, Sánchez-Valle does not currently apply to Petitioner's conviction. More so, counsel cannot be deemed to have acted ineffectively by not making a Sánchez-Valle argument, when that was not the law.

Santana-Rios was sentenced by the undersigned on October 19, 2015, judgment was entered the following day. Santana-Rios petitioned for this Court for habeas relief on December 7, 2016, one year and one month and seventeen days after the entry of judgment was entered. Thus, Petitioner's request for habeas relief is also time-barred.

In light of the above, Petitioner Santana-Rios' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. Petitioner is not entitled to habeas relief.

## CERTIFICATE OF APPEALABILITY

It is further ordered that in the event that petitioner files a notice of appeal, a certificate of appealability should be issued considering that but for the novel issue regarding the retroactivity of the Sánchez-Valle ruling, Petitioner has made a substantial showing of a violation of the Double Jeopardy Clause within the meaning 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of January, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge